UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARC B. PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1147 ERW |
| ) | |
| GKN AEROSPACE NORTH AMERICA, INC., ) | |
| JOHN MINK, and MIKE BISHOP ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant GKN Aerospace North America's Motion for Bill of Costs [doc. #28]. Plaintiff has filed objections to Defendant's Bill of Costs.

In Defendant's Motion for Bill of Costs, it requests that the Court tax costs against Plaintiff, pursuant to 28 U.S.C. § 1920. "[C]osts other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Plaintiff filed a lawsuit against Defendant under the Family Medical Leave Act ("FMLA"), 29 U.S.C.S. § 2601 et seq. Defendant was granted summary judgment in its favor and, thus, qualifies as a prevailing party under Rule 54(d). Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

28 U.S.C. § 1920. The Court may not award costs not authorized by § 1920 because § 1920 "imposes rigid controls on cost-shifting in federal courts." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotation omitted). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

Defendant requests the following costs: (1) $75.00 for the cost of fees of the Clerk; (2) $840.29 for the cost of the deposition of Mark Price taken on February 14, 2006; (3) $568.74 for the cost of mediation fees; (4) $101.85 for the cost of copies; and (5) $19.42 for "other costs." Plaintiff generally objects to the awarding of any costs.

A.  Fees of the Clerk:

Defendant requests $75.00 for the filing fee in this case. Filing fees are fees of the clerk and are authorized by § 1920. *See* 28 U.S.C. § 1920(1); *Nat'l Truck Equipment Ass'n v. Nat'l Highway Traffic Safety Admin.*, 972 F.2d 669, 674 (6th Cir. 1992). Thus, the Court will tax the $75.00 filing fee in favor of Defendant and against Plaintiff.

B.  Fees of the Court Reporter:

Defendant requests $840.29 in fees of the court reporter. Section 1920 provides for the taxation of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). This language embraces both deposition transcripts and trial transcripts. *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996). The deposition must have been reasonably necessary or expected to be used at trial. *Emmenegger v. Gull Moose Tube Co.*, 33 F.Supp.2d 1127, 1134 (E.D. Mo. 1998). "Unless the opposing party interposes a specific objection that a deposition was improperly taken or unduly prolonged, deposition costs will be taxed as having been 'necessarily obtained for the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

use in the case' within the meaning of 28 U.S.C. § 1920." *Meder v. Everest & Jennings, Inc.*, 553 F. Supp. 149, 150 (E.D. Mo. 1992).

The deposition of Marc Price was reasonably necessary for use in this case. The deposition was necessary to the resolution of the Motion for Summary Judgment, and would have been necessary for trial preparation, had the claims against the Defendant proceeded to trial. Plaintiff makes no specific objection that the deposition was unnecessary or that it was unduly prolonged. Therefore, the Court will tax $840.29 against Plaintiff and in favor of Defendant.

C.  Fees for Mediation:

Defendant seeks $568.74 for the cost of mediation fees. Section 1920 does not list mediation fees as taxable costs nor has the Court found any statutory authority permitting the taxation of mediation fees in a lawsuit filed under the FMLA. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445 (1987) (absent explicit statutory authority to the contrary, courts may not exceed the limitations on taxable costs enumerated in §1920); *see also Brisco-Wade*, 297 F.3d at 782 (finding that district court abused its discretion in taxing losing party with costs of mediation in a civil rights case). Therefore, the Court will deny Defendant's request that the $568.74 in mediation fees be taxed to Plaintiff.

D.  Fees for Copies:

Defendant requests $101.85 in fees for exemplification and copies of papers it contends were necessarily obtained for use in this case. Generally, under § 1920, fees for exemplification and copies of papers may be taxed if "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "In determining whether a photocopy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

as it does not act arbitrarily." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002). Some courts have determined that the phrase "for use in the case" refers to materials prepared "for use in presenting evidence to the court," *McIlveen v. Stone Cont. Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990), while others have determined that the copies actually need not be admitted into evidence. *See U.S. Andrews v. Suzuki Motor Co., Ltd.*, 161 F.R.D. 383, 386 (S.D. Ind. 1995) ("only the costs associated with extravagant, useless, or obviously unnecessary copies" are not taxable). A party may not recover photocopy costs incurred for the convenience of counsel, including those incurred in serving pleadings or motions on opposing counsel, producing documents in discovery, or copying research material. *Emmenegger*, 33 F. Supp.2d at 1133. *See also Home Builders Ass'n of Miss. v. City of Madison*, 191 F.R.D. 515, 519-20 (S.D. Miss. 1999) (refusing to tax costs for photocopies related to convenience, preparation, research, or records of counsel). To recover for costs associated with photocopying, it is incumbent on the prevailing party to demonstrate at least what the documents were and what use was made of the documents. *See Home Builders Ass'n*, 191 F.R.D. at 519-20.

Defendant has provided no itemization of expenses nor documentation for the photocopy expenses it claimed it incurred. Without information on the purpose for which copying was done, the Court cannot order copying expenses to be taxed as costs. *See Emmengger*, 33 F. Supp.2d at 1134 ("Because plaintiffs have failed to segregate their properly taxable photocopying costs, none of the photocopying charges that they claim will be taxed as costs."). Therefore, none of the photocopying charges that Defendant claims will be taxed as costs.

E.  Fees for "Other Costs":

Defendant seeks $19.42, under a heading of "other costs." Defendant has failed to itemize

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the "other costs" or provide any documentation concerning those costs, depriving the Court of the information required to determine whether the costs may be taxed against Plaintiff. Therefore, the Court will deny Defendant's request that the $19.42 be taxed against Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant GKN Aerospace North America's Motion for Bill of Costs [doc. #28] is **GRANTED**, **in part**, and **DENIED, in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax $915.29 against Plaintiff Marc Price and in favor of Defendant GKN Aerospace North America, Inc. for fees of the court reporter and for fees of the clerk.

Dated this 12th day of December, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com